Wardlaw, J.
dissenting. Cases have been decided which make an excption'to the statute of frauds, by holding that a promise to answer for the debt of a third person does not come within the statute, when it is founded on a new consideration. But the statute, in making the additional requisite of writing necessary to the validity of such a promise, did not dispense with the previous requisite of a consideration. The more exact of these cases have, then, narrowed the exception, by requiring that the new consideration should be the creditor’s resignation of a charge or lien, which afforded him a remedy or fund to enforce payment. In this restricted form, the exception amounts only to this — that where the debt of a third person is referred to, as the measure of the sum to be paid for the resignation of a lien, the new promise becomes a substitute for the lien resigned, and payment of the money upon it discharges the original debt, in like manner as the enforcement of the lien would have done. It is hard to reconcile any of the cases with the statute — harder to reconcile many of them with one another. It seems that where the resignation of the lien is personally beneficial to the promissor, the transaction may be regarded as an assignment to him; but where the resignation is mere loss to the creditor, without personal advantage to the promissor, if the liability of the original debtor survive the resignation, it must be made to appear that the lien was of at least equal value with the debt assumed. There having been, here, no evidence as to the value of the trunk, (the resignation of the innkeeper’s lien upon which is supposed to constitute the sufficient new *219 consideration to take the promise to pay Welbonrn’s board out of the statute) I do not feel authorized to support that promise in opposition to the terms of the statute.